```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

JUAN BORBON,                         1:20-cv-7188 (NLH)

        Petitioner,         **MEMORANDUM OPINION & ORDER**

   v.

NEW JERSEY STATE
PAROLE BOARD, et al.,

        Respondents.

**APPEARANCES**:

Juan Borbon
933272B
Southern State Correctional Facility
4295 Route 47
Unit 8R
Delmont, NJ 08314

    Petitioner pro se

**HILLMAN, District Judge**

    WHEREAS, Petitioner Juan Borbon filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the New Jersey State Parole Board's decision denying him release in light of the COVID-19 pandemic, see ECF No. 1; and

    WHEREAS, "a habeas corpus petition filed under 28 U.S.C. § 2254 is the only proper mechanism for a state prisoner to challenge the 'fact or duration' of his state confinement." McKnight v. United States, 27 F. Supp. 3d 575, 587 (D.N.J.

2014). This includes challenges to parole determinations, id.; and

WHEREAS, this Court is required to notify Petitioner of the legal consequences of filing a petition for writ of habeas corpus under § 2254 and to advise him of his options. Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 22 U.S.C. § 2244, a prisoner challenging the legality of a sentence imposed by a state court under § 2254 must include all potential claims in a single, comprehensive petition which must be filed within one year of the date when the judgment of conviction became final. Except in very limited circumstances, a prisoner is barred from filing a second or successive habeas corpus petition; and

WHEREAS, Petitioner may now tell the Court how he wants to proceed by choosing one of the following options and notifying the Clerk of his choice pursuant to the terms of this Order. Accordingly, Petitioner may:

    a.   Convert his petition to a § 2254 petition;

    b.   Have the Court review the petition under § 2241 as filed.

Under option (a), the Court will convert the § 2241 petition to a § 2254 petition and screen under Rule 4 of the Rules Governing § 2254 Proceedings. Petitioner will lose his ability to file a

2

second or successive petition under § 2254 challenging this state judgment absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances; and

    WHEREAS, if Petitioner chooses option (b), the Court will screen the petition under § 2241.  If the Court determines the relief requested may only be granted under § 2254, the Court will dismiss the § 2241 petition without prejudice; and

    WHEREAS, if the Court receives no communication from Petitioner within 21 days of this Order, it will presume Petitioner has no objection to proceeding under § 2254,

    THEREFORE, IT IS on this __13th__ day of <u>July</u>, 2020

    ORDERED that Petitioner has 21 days from the date of this Order to file with the Clerk a letter or other written response signed by Petitioner advising the Court how he would like to proceed; and it is further

    ORDERED that if Petitioner does not file a signed response within 21 days of this Order, the Court will convert the petition into a § 2254 petition and review the amended petition under Rule 4 of the Rules Governing § 2254 Proceedings; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular mail.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |